UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDSAY ANNE MOFFATT,

Plaintiff(s),

v.

UNITED STATES OF AMERICA,

Defendant(s).

CASE NO. C26-0578-KKE

ORDER DENYING IN PART AND
DEFERRING RULING IN PART ON
PLAINTIFF'S MOTION

Plaintiff filed a motion to return property under Federal Rule of Criminal Procedure 41(g), requesting that the Court order the Government to return property and currency seized during an arrest related to criminal proceedings since dismissed. Dkt. No. 1. The Government claims that it has returned all of Plaintiff's property in its possession, other than the currency, which is subject to an ongoing civil forfeiture proceeding. Dkt. No. 2. Because Plaintiff has an opportunity to seek the return of her currency in the civil forfeiture proceeding, the Government argues that the Court should not invoke its equitable powers and decline to assume jurisdiction. *Id*.

Plaintiff's reply does not respond to the Government's jurisdictional argument, instead requesting an evidentiary hearing to resolve the factual dispute as to the non-currency property that the Government claims to have already returned, and requesting either an order requiring the return of the currency or an extension of time for Plaintiff to respond in the civil forfeiture proceeding, because the current deadline of February 20, 2026, is inadequate. Dkt. No. 5. The

ORDER DENYING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION - 1

Government subsequently clarified that Plaintiff has until March 12, 2026, to respond in the civil forfeiture proceeding.  Dkt. No. 8.

When a party invokes Federal Rule of Criminal Procedure 41(g) seeking return of property after criminal charges against them have been dismissed, a district court has discretion to construe the motion as a complaint in a civil equitable hearing.  *See United States v. Kama*, 394 F.3d 1236, 1237–38 (9th Cir. 2005).  The court should consider four factors to determine whether to exercise such jurisdiction: "1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance."  *Ramsden v. United States*, 2 F.3d 322, 324–25 (9th Cir. 1993).

It appears to be undisputed that Plaintiff has an adequate remedy at law for the redress of her grievance as to the seized currency—the ongoing civil forfeiture proceeding—and the Court therefore declines to exercise its jurisdiction to resolve Plaintiff's motion with respect to that property.  *See, e.g.*, *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) ("Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant.").  The Court therefore DENIES IN PART Plaintiff's motion (Dkt. No. 1) with respect to the currency.

But factual disputes as to whether the Government in fact retains Plaintiff's non-currency property renders the Court unable to evaluate the *Ramsden* factors with respect to that property, namely hiking boots, a winter jacket, earbuds, a necklace, and a ring.  *See* Dkt. No. 5-1.  Although the Government submitted a declaration from an agent "familiar" with Plaintiff's case, indicating that Plaintiff's non-currency property was returned to her boyfriend (Dkt. No. 3), Plaintiff submitted a declaration from her boyfriend denying that all items were returned (Dkt. No. 5-1).

Accordingly, the Court directs the courtroom deputy to schedule an evidentiary hearing on this motion with respect to that property. *See, e.g.*, *Cactil, LLC v. United States*, No. 24cv1270-LL-AHG, 2025 WL 108189, at *3 (S.D. Cal. Jan. 15, 2025) (explaining that where a court cannot resolve a motion for return of property on the pleadings, the court may go forward with proceedings necessary to resolve factual issues). The Court thus DEFERS ruling on Plaintiff's motion (Dkt. No. 1) until after the evidentiary hearing and will re-note Plaintiff's motion for the date of the evidentiary hearing.

Dated this 23rd day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION - 3